Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Johnna Vanbuskirk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Johnna Vanbuskirk**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**R.M. Galicia, Inc., d/b/a Progressive Management Systems**, a corporation,<br><br>Defendant. | Case No.  '14CV2137 W    JLB<br><br>**Complaint for Damages**<br><br>Jury Trial Demanded |

## Introduction

1. Johnna Vanbuskirk ("Plaintiff"), brings this action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of R.M. Galicia, Inc., d/b/a Progressive Management Systems ("Defendant"), and their agents with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt, causing Plaintiff damages.

2. For purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

Complaint—1

**Jurisdiction and Venue**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C § 1367 for pendent state law claims.

4. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

5. Venue is proper in this District pursuant to 28 U.S.C § 1391(b), in that the Defendants transact business in this District and the acts giving rise to this action occurred in this District.

**Parties**

6. Plaintiff is a natural person who resides in the County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3).

7. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a collection agency and a California corporation operating from an address of 1521 W. Cameron Avenue, 1st Floor, West Covina, California 91790, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages

in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

**Factual Allegations**

1. Sometime before July 2013, Plaintiff allegedly incurred two separate financial obligations. One to Sharp Chula Vista Medical Center and the other to Grossmont Hospital Corporation that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by Cal. Civ. Code § 1788.2(d) and a "consumer debt" as that term is defined by Cal. Civ. Code § 1788.2(f).

2. These financial obligations were primarily for personal, family or household purposes, more specifically, medical services, and are therefore "debt(s)" as that term is defined by 15 U.S.C § 1692a(5).

3. On or before July 2013, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

4. Plaintiff is informed and believes, and thereon alleges, that subsequent to falling behind on payments on the alleged debt for the medical services, the alleged debts were assigned, placed, or otherwise transferred to Defendant for collection.

*March 15, 2014 Voicemail Message*

5. On March 15, 2014, at approximately 11:30 a.m., Defendant's agent, John Doe, called Plaintiff on her cellular telephone and left her a voicemail message. That voicemail message falls within the term "communication" as it is defined by 15 U.S.C § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

6. The voicemail message is transcribed below in its entirety.

"Message for Johnna Van-Van-ahh-buskirk if reached wrong number for this person please call us back at 866 767-2296 and press 2 to remove the phone number. If this is not a Johnna Vans-Vans-burkirk please hang up. If this is a Johnna please continue to listen to this message. Johnna you should now listen to this message so that other people can't hear it as it contains personal and private information. This is a communication from a debt collector. All information obtained will be used for that purpose. 866 767-2296. Thank you."

7. 15 U.S.C. § 1692d(6) prohibits the placement of telephone calls without meaningful disclosure of the caller's identity. Similarly, Cal. Civ. Code § 1788.11(b) prohibits the placing of telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents.

8. In the voicemail message, Defendant fails to identify the name of the agency he represents and his own name and/or alias, therefore leaving no meaningful disclosure of the caller's identity. Accordingly, Defendant's conduct violates 15 U.S.C. § 1692d(6) and Cal. Civ. Code § 1788.11(b).

9. In violating 15 U.S.C. § 1692d(6), Defendant's conduct also violates Cal. Civ. Code § 1788.17.

*Respondeat Superior Liability*

10. The acts and omissions of John Doe, a debt collector employed as an agent by Defendant who communicated with Plaintiff as described in this Complaint, were committed within the time and space limits of their agency relationship with their principal, Defendant.

11. The acts and omissions by John Doe, were incidental to, or of the same general nature as the responsibilities that agents were authorized to perform by Defendant in collecting consumer debts.

12. By committing these acts and omissions against Plaintiff, John Doe was motivated to benefit his principal, Defendant.

13. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by John Doe including but not limited to violations of the FDCPA and RFDCPA.

**First Claim for Relief—Violations of the Fair Debt Collections Practices Act 15 U.S.C § 1692 et seq.**

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

16. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**Second Claim for Relief—Violation of the Rosenthal Fair Debt Collection Practices Act §§ 1788-1788.32 (RFDCPA)**

17. Plaintiff re-alleges and incorporates by reference the above paragraphs as though set forth fully herein.

18. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

19. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code §§ 1788.30(a) and 1788.17; statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code §§ 1788.30(b) and 1788.17; and reasonable attorney's fees and costs pursuant to Cal. Civ. Code §§ 1788.30(c) and 1788.17 from Defendant.

## Prayers for Relief

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant as follows:

### Fair Debt Collection Practices Act

1. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;
2. an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
3. an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

### Rosenthal Fair Debt Collection Practices Act

4. an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;
5. an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;
6. an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.
7. an award of actual damages, statutory damages of $1,000.00, and costs of litigation and reasonable attorney's fees, pursuant to Cal.

Civ. Code § 1788.17, from Defendant.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   September 9, 2014.          Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff